The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Richard Ford. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On July 12, 1991, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
2. On said date the employer-employee relationship existed between the parties.
3. As of said date, Aetna Life Casualty provided the coverage to the employer as provided under said Act.
4. The alleged injury giving rise to the plaintiff's claim occurred on July 12, 1992.
5. That the issues to be determined in this case are:
a. Did the plaintiff sustain an injury by accident arising out of and in the course of his employment with the defendant-employer on July 12, 1992; and,
b. If so, what average weekly wage was the plaintiff earning on July 12, 1992; and,
c. If so, are the injuries of which the plaintiff complains caused by the said accident; and,
d. If so, to what compensation is the plaintiff entitled under the Act.
6. The parties further stipulate into evidence twenty-seven pages of medical records, being Plaintiff's Exhibits One through Six, with respect to their authenticity but not their accuracy.
Subsequent to the hearing on April 11, 1994, the parties entered the following documentation into the record which have been considered by the undersigned in ruling in this matter. All Motions and Objections have been duly considered under the applicable law and rules of evidence:
1. Deposition of Stephen T. Gupton, Jr., M.D. dated May 27, 1994.
2. Deposition of Vincent E. Paul, M.D. dated July 1, 1994.
3. Stipulation of medical records consisting of 61 pages.
4. Report of Dr. Vincent Paul dated January 20, 1995.
* * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On November 8, 1990, the plaintiff sustained a compensable injury by accident when he fell approximately two stories from a roof upon which he was working to the ground, where he landed on his feet and rolled. As a result, he suffered a ten percent permanent partial disability of his right knee and a seventeen percent permanent partial disability of his spine. The plaintiff was compensated by clincher agreement dated December 9, 1992, approved December 10, 1992, and amended September 26, 1994, in I.C. File No. 107387.
2. Subsequent to the incident, the plaintiff received conservative medical care and treatment and was out of work until March or April of 1993. At this time, he returned to roofing work for the defendant-employer still, at that time, being conservatively medically treated for his various physical complaints of pain involving his back, neck and right leg and headaches.
3. On July 12, 1993, the plaintiff again fell from a roof upon which he was working a distance of approximately three stories to the ground again landing on his feet and rolling.
4. Subsequent to this second fall, the plaintiff was taken to his truck on the job site where he rested and later went home. Thereafter, the plaintiff sought and received medical care and treatment for his various physical complaints and a general feeling of numbness.
5. Thereafter, the plaintiff continued to receive conservative medical care and treatment and ultimately was medically released to return to limited work on November 10, 1993.
6. On April 18, 1994, the plaintiff began complaining of pain in his right arm, hand, and left knee, again receiving medical care, treatment, and testing.
7. It has been medically opined that the plaintiff, who is large, weighing approximately 275 pounds, suffered injuries as the result of the fall on November 8, 1990 as above mentioned in Paragraph One of these Findings of Fact. But that it cannot be medically opined with reasonable certainty that said injuries were exacerbated by the fall on July 12, 1993 or that his right arm and left knee pain were caused by said incident. In fact, it has been medically opined that his MRI testing is negative and the disk bulges appearing at L5-S1 and C6-7 are no different subsequent to the fall on July 12, 1993 than they were after the fall on November 8, 1990, and that plaintiff's present physical problems, including his right arm and left knee, are due to mechanical causes and body usage.
8. On July 12, 1993, the plaintiff suffered an accident in the course of his employment with the defendant-employer.
9. The plaintiff reached maximum medical improvement on November 10, 1993 when he was medically able to return to work.
10. The plaintiff has sustained no further permanent partial disability resulting from the incident on July 12, 1993 other than that for which he was compensated in I.C. File No. 107387.
11. The plaintiff lost work time from July 12, 1993 to November 10, 1993 as a result of the incident on July 12, 1993.
12. The plaintiff was earning an average weekly wage of $600.00 on July 12 1993.
* * * * * * * * * * *
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On July 12, 1993, the plaintiff suffered an accident in the course of the employment with the defendant-employer.
2. The plaintiff was earning an average weekly wage of $600.00 on July 12, 1993.
3. The plaintiff has sustained no further injuries by reason of the accidental injury occurring on July 12, 1993.
4. The plaintiff is entitled to temporary total disability compensation benefits from July 23, 1993 to November 10, 1993 at the rate of $400.00 per week.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. The defendants shall pay to the plaintiff in one lump sum temporary total disability compensation benefits from July 12, 1993 to November 10, 1993 at the rate of $400.00 per week, less the attorney fee hereinafter provided.
2. The defendants shall pay all medical expenses resulting from said accident up to the date of this Opinion and Award and no further when the same have been presented and approved as by law provided.
3. An attorney fee of twenty-five percent of the compensation herein allowed is hereby approved and awarded to Amos E. Link, Jr. for his services to the plaintiff to be deducted from the compensation above-provided and paid directly to said attorney.
4. The defendants shall pay the costs.
 S/ __________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ __________________ DIANNE C. SELLERS COMMISSIONER
S/ __________________ LAURA K. MAVRETIC COMMISSIONER
CMV/cnp/rst 3/6/97